## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSISSIPPI

USDC No. 1:23-CV-148-SA-RP

| | |
|---|---|
| ANNIE CALDWELL, DBA CALDWELL FASHIONS | PLAINTIFF |
| VS. | CASE NO.: 23-CV-170K |
| WESTERN WORLD INSURANCE GROUP | DEFENDANT |

## COMPLAINT
(Jury Trial Requested)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Annie Caldwell, dba Caldwell Fashions, Plaintiff in the above entitled and numbered cause, complaining of and against Western World Insurance Group. Defendant herein, and for cause of action would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.

Discovery is intended to be conducted under Miss. R. Civ. P. 26.

### II. PARTIES

2.

Plaintiff Annie Caldwell is an adult resident of the County of Clay, in the State of Mississippi.

3.

Defendant Western World Insurance Group is an insurer domiciled in the State of New Jersey who is authorized to do and is doing business in the State of Mississippi and the County of Clay, which may be served through its Registered Agent for Service of Process, Western World Insurance Group, Claims Department, 300 Kimball Drive, Suite 500, Parsippany, NJ 07054.

FILED
Clay County
SEP 0 1 2023

### III. VENUE AND JURISDICTION

**4.**

Venue is proper pursuant to Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev.2004) because the defendant and the amount in controversy are within the jurisdictional limits of this Court.

### IV. RELEVANT FACTS

**5.**

At all relevant times, Plaintiff owned the property located at 26485 East Main Street, West Point, MS 39773 (the "Property").

**6.**

At all relevant times, Western World Insurance Group provided a policy of insurance, number NPP8554705 (the "Policy"), to Plaintiff which covered the Property against perils including wind and provided the following coverages: $120,000.00 for the Building and $50,000.00 for Business Personal Property.

**7.**

On or around October 28, 2020, Hurricane Zeta made landfall, causing damage across Louisiana and south Mississippi and extending to Plaintiff's Property in Clay County, Mississippi.

**8.**

As a result of the storm, Plaintiff's Property sustained significant damage, specifically involving, but not limited to, damage to the roof and siding, as well as damage to the interior and damage to personal property caused by water intrusion due to the external damages.

**9.**

Plaintiff promptly reported the loss to Western World Insurance Group, who assigned

it claim number 160315 (the "Claim").

**10.**

Plaintiff does not have a copy of the estimate performed by Defendant for the Property. The information related to the Defendant's estimate of the Property and the estimate itself will be requested through discovery. The inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**11.**

Upon realizing that Defendant would not adjust her claim fairly or accurately, Plaintiff retained independent adjuster Exact Building Consultants, Inc to inspect the Property and value her damages.

**12.**

Exact Building Consultants, Inc inspected the Property on or about June 16, 2022 and documented $43,650.40 in damages to the Dwelling.

**13.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Mississippi's proof of loss requirements.

**14.**

No further payments have been made.

**15.**

Defendant has filed and refused to evaluate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to rely entirely on the incorrect assumptions and conclusions of its agents, employees, or consultants.

**16.**

Defendant has persisted in refusing to pay the full amount due to Plaintiff's claim. No

reasonable basis exists or has existed at any time for Defendant's delay and/ or refusal to provide covered benefits due and owing under the Policy.

17.

Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to repair of the Property.

18.

At all relevant times, Plaintiff has complied with her obligations pursuant to the insurance agreement, including payment of all premiums due under the policy, giving prompt notice to their insurer, providing a description of the facts of the loss, taking reasonable steps to protect the covered residence, permitting the inspection of the residence by the insurer, and cooperating with the insurer during the investigation of the claim.

19.

Upon information and belief, Defendant purposefully and/ or negligently failed to timely tender benefits due to Plaintiff after having received satisfactory proof of loss.

20.

Upon information and belief, Defendant purposefully and/ or negligently misrepresented to Plaintiff the terms and conditions of the Policy.

21.

Upon information and belief, Defendant conducted the investigation and claims handling for Plaintiff in bad faith, as that term is used in conjunction with Mississippi's insurance code.

22.

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

23.

Upon information and belief, Defendant purposefully and/ or negligently failed to include adequate overhead and profit in its estimates of damages.

24.

Plaintiff has incurred additional expenses in repairing the Property as a result of Defendant's failure to timely compensate her for her substantial and covered losses.

25.

As a result of Western World Insurance Group failure to timely and adequately compensate Plaintiff for her covered loss, she was forced to incur the expense of retaining counsel and other expenses to prosecute her claim.

26.

At and during the time of the acts and/ or omissions complained of herein, any acts and/ or omissions committed by an agent, representative, or employee of Defendant, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant. Defendant is therefore liable to Plaintiff for the acts and/ or omissions of any such agent, representative, or employee complained of herein by virtue of such agency relationship.

## V. CAUSES OF ACTION

### A. Breach of Contract

27.

Plaintiff realleges and re-avers the allegations contained in paragraphs 1-26, above, as if restated herein.

28.

Defendant owes a duty to its policyholder to make prompt and proper payment for all

claims, to make its policy limits available to insured for losses. These duties arise from the policy itself, Mississippi jurisprudence, and duties implied in every contract in Mississippi.

**29.**

Plaintiff has now suffered covered losses under the Policy.

**30.**

Western World Insurance Group breached its contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by:

a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss;

b. Purposely and/ or negligently misrepresenting to Plaintiff the terms and conditions of the Policy;

c. Failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing;

d. Manipulating its pricing software to artificially suppress the cost of repairs below market value;

e. Failing to include adequate overhead and profit in its estimates of damages.

**31.**

Plaintiff has suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**32.**

Plaintiff realleges and re-avers the allegations contained in Paragraphs 1-31, above, as if restated herein.

**33.**

Defendant, at all relevant times, owed a duty of good faith and fair dealing to Plaintiff in the handling and administration of its property damage claim.

**34.**

The actions and/ or inactions of Western World Insurance Group in failing to timely and adequately compensate Plaintiff for the covered losses under the Policy were arbitrary, capricious, and without probable cause, as those terms are used in conjunction with the Mississippi Insurance Code, making Western World Insurance Group liable for bad faith penalties.

**35.**

Defendant Western World Insurance Group breached this duty by failing to provide payment for property damage in a reasonable manner.

**36.**

There was no good faith arguable basis for positions taken by Defendant for all denials and delays of payment for coverage.

**37.**

Defendant either knew or should have known that Plaintiff suffered a property loss and should have made payments on the claim without unreasonable and avoidable delay.

**38.**

Defendant's breach of the aforementioned duties was the direct and proximate cause of the harm suffered by Plaintiff, and but for their breach the harm suffered by Plaintiff would have been avoided.

**39.**

Defendant's refusal to tender payment was deliberate, without excuse or justification, and therefore shows bad faith conduct under the laws of the State of Mississippi.

### C. DAMAGES

**40.**

Plaintiff realleges and re-avers the allegations contained in the preceding paragraphs above, as if restated herein.

**41.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Plaintiff has incurred the following, non-exclusive damages:

   a. Diminution of the value of the Property;

   b. Actual repair costs;

   c. Reimbursement for personal repairs at the Property;

   d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

   e. Additional living expenses;

   f. Mental anguish;

   g. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

### VI. JURY DEMAND

**42.**

Plaintiff demands a trial by jury to resolve all fact issues in this case Plaintiff request that this matter be tried before a jury.

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff pray that the Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiff recover from said Defendant, jointly and severally, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

THE WEBSTER LAW FIRM

By: /s/ Jason C. Webster
JASON C. WEBSTER
MS Bar no. 100920
6200 Savoy Dr. Ste. 150
Houston, Texas 77036
(713) 581-3900 (telephone)
(713) 581-3907 (facsimile)
filing@thewebsterlawfirm.com